

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. E.S. Foreman
County Auditor
Beaumont, Texas

Dear Sir:      Opinion No. O-2389
                Re: House Bill No. 596, 43rd Leg.,(Acts
                    1933, 43rd Leg., p. 110, ch. 55) as
                    amended by House Bill No. 970, 45th
                    Leg., (Acts 1937, 45th Leg., p. 599
                    ch. 301).

        We are in receipt of your letter of recent date, in
which you request the opinion of this department touching
two questions stated by you as follows:

        "1. If it has been determined that a purchase
    has been made by a County official upon proper
    requisition and such requisition has been ratified
    by the Purchasing Agent and approved by the County
    Judge, does the County Auditor have authority to
    refuse to acknowledge such requisition because he
    is aware of the fact that purchase was not actual-
    ly made by the Purchasing Agent as outlined in
    House Bill No. 596?

        "2. In case a requisition is issued by a County
    employee or official and ratified by the Purchasing
    Agent and approved by the County Judge and the ma-
    terial purchased thereunder and used and it is
    later determined by the County Auditor that such
    purchase was not in conformity with House Bill No.
    596, is the County liable for payment of such ma-
    terial purchased?"

        You further state "for your information I am en-
closing herewith a copy of House Bill No. 596, under which
Jefferson County is operating its purchasing department."

        Section 1 of House Bill No. 970, 45th Leg.,(Acts

Honorable E. S. Foreman, page 2

1937, 45th Leg., p. 559, ch. 301), which amended House
Bill No. 596 (in particulars not material to this opin-
ion), provides:

H.B. No. 970.

"Section 1. In all counties in this state
having a population of more than one hundred
thousand (100,000) inhabitants and less than one
hundred fifty thousand (150,000) inhabitants, as
shown by the latest United States Census, and
containing two (2) cities of fifty thousand
(50,000) inhabitants, or more, each, as shown by
the latest United States Census, the Commissioners
Court of such county shall appoint a suitable
person who shall act as County Purchasing Agent
for such county, who shall hold his office at
the pleasure of the Commissioners Court or a ma-
jority thereof; it shall be the duty of such
agent to make all purchases for such county of
all supplies, materials, and equipment required
or used by such county or by a subdivision, of-
ficer or employee thereof excepting such purchases
as may by law be required to be made by competi-
tive bids, and to contract for all repairs to prop-
erty used by such county, its subdivision, officers,
and employees, except such as by law are required
to be contracted for by competitive bids. All
purchases made by such agent shall be paid for
by warrants drawn by the County Auditor on the
County Treasurer of such county as in the manner
now provided by law. It shall be unlawful for
any person, firm, or corporation, other than such
purchasing agent, to purchase any supplies, ma-
terials, and equipment for, or to contract for
any repairs to property used by such county or
any subdivision, officer, or employee thereof,
and no warrant shall be drawn by the County Audi-
tor or honored by the County Treasurer of any
such county for any purchases except by such
agent and those made by competitive bid as now
provided by law. On the 1st day of July of each
year such purchasing agent shall file with the
Commissioners court of such county an inventory
of all property of the county and of each subdivi-

Honorable E.S. Foreman, page 3

sion, officer, or employee thereof then on hand,
and it shall be the duty of the County Auditor to
carefully examine such inventory and to make an
accounting for all property purchased or previous-
ly inventoried and not appearing in such inventory.
In order to prevent unnecessary purchases, such
agent shall have authority and it shall be his
duty to transfer county supplies, materials, and
equipment from any subdivision, department, offi-
cer or employee of the county when such supplies,
materials, or equipment are not actually needed
or used by such subdivision, department, officer,
or employee to any such subdivision, department,
officer or employee that may require such supplies,
and materials, or the use of such equipment; and
such agent shall furnish to the County Auditor a
list of such supplies, materials, and equipment
so transferred. Such agent shall receive, as com-
pensation for his services, a salary not to exceed
Three Thousand Dollars ($3,000) per year, payable
in equal monthly installments. Eighty (80) per
cent of such salary shall be paid out of the Road
and Bridge Fund and twenty (20) per cent thereof
out of the General Fund of such county by war-
rants drawn on the County Treasurer by the Coun-
ty Auditor."

After careful consideration we have concluded
that this Act is a local and special law violating the pro-
visions of Article 3, Section 56, of the Constitution of
Texas, and is therefore unconstitutional and void.

Article 3, Section 56, of the Texas Constitution,
provides as follows:

"The Legislature shall not, except as other-
wise provided in this Constitution, pass any local
or special law, * * * regulating the affairs of
counties, cities, towns, wards or school districts;
* * * creating offices or prescribing the powers
and duties of officers, in counties, cities, towns,
election or school districts; * * *"

It is manifest that the law under consideration
regulates the affairs of the counties to which it applies,
creates an office, and prescribes the powers and duties of

Honorable E. S. Foreman, page 4

such officer. Altgelt v. Gutzeit, 109 Tex. 123, 201 S.W.
400; Commissioners Court of Limestone County et al v.
Garrett et al 236 S.W. 970. It applies only to counties
in this state having a population of more than 100,000
inhabitants and less than 150,000 inhabitants, and con-
taining two cities of 50,000 inhabitants, or more, each,
as shown by the latest United States Census. The only
county in the state of Texas within this population bracket
at the time of the enactment of this law and the amendment
thereto, was Jefferson County.

In the case of CLARK, SHERIFF, v FINLEY, COMP-
TROLLER, 93 Tex. 171, 54 S.W. 343, the Supreme Court of
Texas speaking through Mr. Chief Justice Gaines, declared:

" *** If it is meant by this that the
Legislature cannot evade the prohibition of the
Constitution as to special laws by making a law
applicable to a pretended class which is, in fact,
no class, we concur in the proposition. Such was
the law passed upon in the case of Commonwealth
v. Patton, 88 Penn. 258. That statute was made
applicable to all counties in which there was a
population of more than 60,000 and an incorporated
city with a population exceeding 8,000 'situate at
a distance from the county seat of more than 27
miles by the usually travelled public road.' There
was but one city in the state which came within
the pretended class. The court held this a covert
attempt at special legislation and that the Act
was a nullity. * * * Insofar as the courts which
undertake to define the basis upon which the class-
ification must rest hold that the Legislature can-
not, by a pretended classification, evade a con-
stitutional restriction, we fully concur with them.
* * *"

Subsequently in the case of COUNTY OF BEXAR v. TYNAN
128 Tex. 223, 97 S.W. (2d) 467, the Supreme Court of Texas
announced the principles which control the matter at hand,
as follows:

"Notwithstanding it is true that the Legis-
lature may classify counties upon a basis of popu-
lation for the purpose of fixing compensation of
county and precinct officers, yet in doing so the

Honorable E.S. Foreman, page 5

classification must be based upon a real distinc-
tion, and must not be arbitrary or a device to
give what is in substance a local or special law
the form of a general law. It is well recognized
that "in determing whether a law is public, gen-
eral, special or local the courts will look to
its substance and practical operation rather than
to its title, form and phraseology, because other-
wise prohibitions of the fundamental law against
special legislation would be nugatory.' 25 R.C.L.,
815, and authorities cited. We need not go into
a lengthy discussion of what is a proper basis of
classification in a matter of this kind. It is
more appropriate to state in general terms what
must be present to justify the placing of one
county in a very limited and restricted classifi-
cation, as in this instance. This has been con-
cisely stated in numerous cases in language quoted
with approval in the case of Leonard v. Road Main-
tenance District No. 1, 187 Ark., 599, 61 S.W.(2d)
70, by the Supreme Court of Arkansas.

"'The rule is that a classification cannot
be adopted arbitrarily upon a ground which has no
foundation in difference of situation or circum-
stances of the municipalities placed in the differ-
ent classes. There must be some reasonable relation
between the situation of municipalities classified
and the purposes and objects to be attained. There
must be something * * * which in some reasonable
degree accounts for the division into classes.'

"When we look to the practical operation of
the Act in question we are led to the conclusion
that the attempted classification is unreasonable
and arbitrary to such degree as to indicate beyond
doubt that the purpose of the Legislature was to
single out one county and to attempt to legislate
upon the question of the compensation of its offi-
cers, and not upon the subject generally, and
therefore the Act was void as being a special law."

A law which applies only to a part of a natural class of

Honorable E. S. Foreman, page 6

persons or things must predicate its inclusion of a part and exclusion of the balance upon characteristics peculiar to the part which, considering the objects and purposes of the law, afford reasonable ground for restricting the application of the law to the part. Classification must be reasonable and natural, not arbitrary and capricious. Arbitrary designation is not classification. The vice of local or special laws is that they rest on arbitrary designation; that they do not embrace and affect all of the class to which they are naturally related. 25 R.C.L., p.p. 815-816; 12 Am. Jr., p. 146; SMITH v. STATE, (Ct. Cr. App.), 49 S.W. (2d) 739; RANDOLPH v. STATE, (Ct. Cr. App.) 36 S.W. (2d) 484; CITY OF FORT WORTH v. BOBBITT, 121 Tex. 14, 36 S.W. (2d) 470, 41 S.W. (2d) 228.

The Act under consideration represents arbitrary designation, rather than valid classification. It attempts to regulate the affairs of counties within a fixed population bracket which can only apply to Jefferson County. The number of inhabitants residing within a county, and the population of two cities within such county, does not, in any reasonable and natural manner, indicate the necessity, propriety, or desirability of regulating the affairs of such county in the manner attempted by this Act. The purpose of Article 3, Section 56 of our Constitution, in part, is to secure uniformity in our system of county government, insofar as possible; to prevent the enactment or enforcement of laws which discriminate between the counties of this State without adequate and substantial differences which would rationally indicate the necessity for such classification. The Act under consideration clearly violates the quoted provisions of Article 3, Section 56, of our Constitution, and it is therefore unconstitutional and void.

The Act under consideration being a nullity, an opinion from this department construing its provisions would serve no useful purpose.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Zollie C. Steakley_
Zollie C. Steakley
Assistant

ZCS:ob        APPROVED MAY 29, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY